UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL TRAVIS BURBA,                              Case  No. 09-11961

              Plaintiff,                         Paul D. Borman
vs.                                              United States District Judge

NICK LUDWICK, *et al.*,                          Michael Hluchaniuk
                                                 United States Magistrate Judge

              Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 17)**

## I.  PROCEDURAL HISTORY

Plaintiff, an inmate currently at the Oaks Correctional Facility, brings this

action under 42 U.S.C. § 1983, claiming a violation of his rights under the United

States Constitution.  (Dkt. 1).  Plaintiff alleges that the defendants failed to protect

him by allowing another prisoner into his cell, where he was subsequently

assaulted.  *Id*.  On June 18, 2009,  this case was referred to the undersigned for all

pretrial purposes by District Judge Paul D. Borman.  (Dkt. 9).

Defendant Nick Ludwick filed a motion to dismiss on August 28, 2009.

(Dkt. 17).  Plaintiff filed a response on October 5, 2009.  (Dkt. 20).  This matter is

now ready for report and recommendation.  For the reasons set forth below, the

undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**
and that the claims against defendant be **DISMISSED** with prejudice.

## II.   STATEMENT OF FACTS

### A.   Complaint

Plaintiff's named several John Doe correctional officers and Nick Ludwick,
the Warden of the St. Louis Correctional Facility. (Dkt. 1, p. 2). Plaintiff claims
that he asked the ARUS for protection on October 15, 2008, from another prisoner.
He was told there was nothing they could do. Plaintiff claims he was then
assaulted by this prisoner in his cell. Plaintiff was seen by health care and returned
to his unit. He was told that he was to see the unit inspector in the morning. The
inspector made out a statement and plaintiff says he was sent to administrative
segregation for protection.

Plaintiff filed a grievance on October 17, 2008. (Dkt. 1). Apparently, a
Step I response was issued, but it was untimely. The Step I response was not
attached to plaintiff's complaint. Defendant Ludwick was the Step II respondent
and he wrote:

> I have reviewed your grievance, the Step I response, and
> your Step II Reason for Appeal.
>
> The Grievant alleges that the unit staff failed to protect
> him by allowing another prisoner into his cell, where he
> was subsequently assaulted. He does not state a
> resolution.

> It has been noted that the Step I Response has not been
> provided within the time limits dictated by polity.  Staff
> has been reminded to ensure that responses are provided
> in accordance with policy.
>
> Investigation reveals that the Grievant is correct in that
> another prisoner did enter his cell on the date in question.
> It is also noted that the incident occurred at 1040 hours,
> however the Grievant did not report anything to staff
> until 2102 hours.  The other prisoner was removed from
> his housing unit and taken to segregation.  It is further
> noted that the appropriate major misconducts were
> written on this prisoner.
>
> Administrative steps have been taken to help ensure that
> this type of incident does not occur again in the future.
>
> Based on the above findings, the Step II Appeal must be
> denied.

(Dkt. 1).  Plaintiff appealed to Step III.  The Step III response is dated March 26,

2009 and upheld the prior denial, deeming the grievance resolved.  *Id*.

B.     Parties' Arguments

Defendant Ludwick argues that plaintiff failed to exhaust any claims against

him because he is not identified in the grievance, that plaintiff's claims against him

are barred by the doctrine of qualified immunity because plaintiff fails to allege

that he had sufficient personal involvement in the events complained of, and that

he is entitled to Eleventh Amendment immunity.  (Dkt. 17).

In response, plaintiff states that defendant Ludwick "signed the step 2

Grievance Feb. 12, 2009, Defendant Ludwick was aware of the circumstances in

which Plaintiff came to be assaulted and hampered the investigation with delaying

tactics until Plaintiff was moved from the facility.  To not hold Defendant

responsible would be to reward Defendant for hampering the investigation."  (Dkt.

20).  Plaintiff also asserts that defendant Ludwick's personal involvement is

evidenced by his failure to protect plaintiff and his denial of the grievance.

Plaintiff also states that, after his transfer, any claim against Ludwick was "moot."

(Dkt. 20, p. 2).  Finally, plaintiff claims that defendant Ludwick had a duty to

protect plaintiff from harm and transferring plaintiff to another facility does not

take away from defendant Ludwick's responsibility to protect him.  (Dkt. 20, pp. 2-

3).

## III.   ANALYSIS AND CONCLUSIONS

### A.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first

comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair

notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v.

Gibson*, 355 U.S. 41, 47 (1957).

The Supreme Court recently raised the bar for pleading requirements beyond

the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that

had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*,

577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing, *Ashcroft v. Iqbal*, —

U.S. —, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555.  In

*Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to

dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.  The Sixth Circuit

observed that this new standard is designed to screen out cases that, while not

utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 129 S.Ct. at 1949.  And although the Court must accept all well-pleaded

factual allegations in the complaint as true, it need not "'accept as true a legal

conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting,

*Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

The Sixth Circuit noted that "[e]xactly how implausible is 'implausible' remains to

be seen, as such a malleable standard will have to be worked out in practice."

*Courie*, *2.

Where a plaintiff is proceeding without the assistance of counsel, the court is

still required to liberally construe the complaint and hold it to a less stringent

standard than a similar pleading drafted by an attorney. *See e.g. Simmons v.*

*Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Thus, the Court must still read plaintiff's *pro se* complaint indulgently and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 127 S.Ct. at 2200 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

    B.    <u>Exhaustion</u>

        1.    Legal standards

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), the United States Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 923. The Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id*. Moreover, the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id*. Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially

pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden-the plaintiff on a claim for relief of the defendant on an affirmative defense-his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

## 2.   Purpose of exhaustion requirement

The Supreme Court defines proper exhaustion under 42 U.S.C. § 1997e(a) as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385, quoting, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the

course of its proceedings." *Id*. at 2386.  The Supreme Court also observed that

"[t]he PLRA attempts to eliminate unwarranted federal-court interference with the

administration of prisons, and thus seeks to 'afford corrections officials time and

opportunity to address complaints internally before allowing the initiation of a

federal case.'" *Id*. at 2387, quoting, *Porter v. Nussle*, 534 U.S. 516, 525 (2002)

(alteration omitted).  Exhaustion serves a dual purpose:  it gives prisoners "an

effective incentive to make full use of the prison grievance process and accordingly

provides prisons with a fair opportunity to correct their own errors."  *Id*. at

2387-88.  Additionally, the exhaustion requirement "has the potential to reduce the

number of inmate suits, and also to improve the quality of suits that are filed by

producing a useful administrative record."  *Jones*, 127 S.Ct. at 915-16.

Before *Jones* invalidated the additional exhaustion procedures placed on

prisoner civil rights suits by the Sixth Circuit, a prisoner was required to "file a

grievance against the person he ultimately seeks to sue," and exhaust the claim as

to each defendant associated with the claim.  *Curry v. Scott*, 249 F.3d 493, 505 (6th

Cir. 2001).  The critical holding in Jones was that the PLRA does not impose

additional exhaustion procedures or requirements outside the prison's grievance

procedures.  As observed in *Jones*, the primary purpose of a grievance is to alert

prison officials of a particular problem.  *Jones*, 127 S.Ct. at 923; *see also Bell v.

Konteh*, 450 F.3d 651, 651 (6th Cir. 2006) ("[I]t is sufficient for a court to find that

Report and Recommendation
Motion to Dismiss
*Burba v. Ludwick*; 09-11961

a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.").

      3.     Conclusions

Plaintiff has essentially admitted that he did not exhaust his administrative remedies against defendant Ludwick.  Plaintiff does not claim that defendant Ludwick is one of the unidentified officers in his grievance and complaint. Plaintiff admits that Ludwick is not identified in the grievance and was not involved in the events grieved because he denied the grievance at Step II. Essentially, plaintiff's claims against defendant Ludwick are grounded in Ludwick's denial of Step II grievance.  While plaintiff claims that Ludwick hampered the investigation of the grievance at issue, he admits that no grievance was submitted against Ludwick for this alleged interference.  Thus, the undersigned concludes that plaintiff failed to exhaust his administrative remedies and his claims against defendant Ludwick should be dismissed for this reason.

      C.    <u>Personal Involvement</u>

In addition, plaintiff also admits that defendant Ludwick was not personally involved in the events that form the basis of his grievance and complaint and seeks to hold Ludwick responsible through a theory of vicarious liability.  Liability in a § 1983 action cannot be based on a theory of *respondeat superior*.  *See Monell v.*

*Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978).

"[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Id.* at 694 n. 58, citing, *Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976).  As the Sixth Circuit has stated:

> Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995), quoting, *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Several cases from the Sixth Circuit provide guidance on a supervisory liability claim.  For example, the court has stated that "[p]laintiff must prove that [the supervisor defendants] did more than play a passive role in the alleged violations or show mere tacit approval of the goings on.  Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir.2006) (internal and external citations omitted).  Furthermore, the Sixth Circuit has stated:

> Supervisor liability [under § 1983] occurs either when the supervisor personally participates in the alleged

> constitutional violation or when there is a causal
> connection between actions of the supervising official
> and the alleged constitutional deprivation. The causal
> connection can be established when a history of
> widespread abuse puts the responsible supervisor on
> notice of the need to correct the alleged deprivation, and
> he [she] fails to do so. The deprivations that constitute
> widespread abuse sufficient to notify the supervising
> official must be obvious, flagrant, rampant, and of
> continued duration, rather than isolated occurrences.

*Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002), quoting, *Braddy v. Fla.*
*Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). Also, the
Court has held that where defendants' "only roles ... involve the denial of
administrative grievances or the failure to act ... they cannot be liable under
§ 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[L]iability under
§ 1983 must be based on active unconstitutional behavior and cannot be based
upon 'a mere failure to act.'" *Id*. at 300, citing, *Salehpour v. University of*
*Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Claims that are based simply on the
denial of a grievance do not state a claim of constitutional dimension. *See Martin*
*v. Harvey*, 2001 WL 669983, *2 (6th Cir. 2001) ("The denial of the grievance is
not the same as the denial of a request to receive medical care."); *Shehee*, 199 F.3d
at 300) (as against defendants whose only involvement was the denial of
administrative remedies and the "failure to remedy the alleged retaliatory
behavior[,]" "[t]here is no allegation that any of these defendants directly

participated ... in the claimed ... acts[ ].”); *Weaver v. Toombs*, 756 F.Supp. 335, 337

(W.D. Mich. 1989) (“The mere fact that these defendants found plaintiff’s ...

grievance concerning the seizure to be without merit is insufficient to state a claim

against them.”).  Furthermore, an allegation that a supervisor was aware of an

actionable wrong committed by a subordinate and failed to take corrective action

“is insufficient to impose liability on supervisory personnel under § 1983.”  *Poe v.

Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).  “[A] failure of a supervisory official

to supervise, control, or train the offending individual officers is not actionable

absent a showing that the official either encouraged the specific incident of

misconduct or in some other way directly participated in it.  At a minimum a

plaintiff must show that the official at least implicitly authorized, approved, or

knowingly acquiesced in the unconstitutional conduct of the offending officers.”

*Hays v. Jefferson County*, *Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff does not dispute that defendant Ludwick’s role was limited to

responding to plaintiff’s Step II grievance.  This is insufficient to sustain a § 1983

claim.  *Shehee*, 199 F.3d at 300.  In addition, plaintiff’s claim that defendant

Ludwick failed to take corrective action or is somehow responsible for the actions

or inactions of other corrections officers is equally unavailing.  Plaintiff does not

allege that defendant Ludwick authorized, approved, or knowingly acquiesced to

any alleged unconstitutional behavior by the officers.  *Hays*, 668 F.2d at 874.

Based on the foregoing, the undersigned also suggests that plaintiff fails to state a claim on which relief can be granted and that his claims against defendant Ludwick should be dismissed with prejudice.

Given the conclusions and recommendations set forth above, defendant's other arguments for dismissal need not be addressed.

## IV.   RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that the claims against defendant be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Administrative Order

09-AO-042.  The response must specifically address each issue raised in the

objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc.  If the Court determines that any objections are

without merit, it may rule without awaiting the response.

Date: February 4, 2010            s/Michael Hluchaniuk
                                  Michael Hluchaniuk
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 4, 2010, I electronically filed the foregoing
pleading with the Clerk of the Court using the ECF system, which will send
notification of such filing to the following: Julia R. Bell, and I certify that I have
mailed by United States Postal Service the foregoing pleading to the plaintiff, a
non-ECF participant, at the following address(es): Samuel Travis Burba, #218577,
OAKS CORRECTIONAL FACILITY, 1500 Caberfae Highway, Manistee, MI
49660.

                                  s/Tammy Hallwood
                                  Case Manager
                                  U.S. District Court
                                  600 Church Street
                                  Flint, MI 48502
                                  (810) 341-7887
                                  tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion to Dismiss
*Burba v. Ludwick*; 09-11961