UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL TRAVIS BURBA,

    Plaintiff,

vs.

NICK LUDWICK, *et al.*,

    Defendants.
_____/

Case No. 09-11961

Paul D. Borman
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

# REPORT AND RECOMMENDATION
## RULE 41 DISMISSAL

**I. PROCEDURAL HISTORY**

This is a prisoner civil rights action transferred on May 21, 2009 from the Western District of Michigan. (Dkt. 1). Plaintiff claims a violation of his constitutional rights. On June 18, 2009, this case was referred to the undersigned by District Judge Paul D. Borman for all pretrial purposes. (Dkt. 9). Plaintiff moved to extend the summons so that he may conduct discovery regarding the identity of the "Doe" defendants in his complaint. (Dkt. 33). Notably, the Court already extended the summons until September 30, 2010. (Dkt. 32). Plaintiff also sought relief regarding the unanswered discovery he had served on the Michigan Department of Corrections (MDOC) regarding the identity of the Doe defendants. The Court noted that the MDOC is not a party to this lawsuit and directed plaintiff

to serve a subpoena on that entity under Rule 45. (Dkt. 34). To allow plaintiff sufficient time to serve the subpoena, obtain a response, and provide the required names and addresses to the Court, and for the Marshal to effectuate service, the Court extended the summons until December 31, 2010 and ordered plaintiff to provide the names and addresses of the Doe defendants by October 29, 2010, or face dismissal of his lawsuit. (Dkt. 34). Plaintiff has not identified the Doe defendants.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's claims against the Doe defendants be **DISMISSED** for failure to prosecute.

## II. ANALYSIS AND CONCLUSION

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v.*

*Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court repeatedly warned plaintiff that his case would be dismissed if he failed to identify the Doe defendants. (Dkt. 32, 34). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's repeated failure to identify the Doe defendants as ordered, the

undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Here, plaintiff repeatedly failed to comply with orders of the court. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's claims against the Doe defendants be **DISMISSED** for failure to prosecute.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

Report and Recommendation
Rule 41 Dismissal
*Burba v. Ludwick*; Case No. 09-11961

5

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 30, 2010                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on November 30, 2010 I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: <u>Julia R. Bell,</u> and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: <u>Samuel Travis Burba, # 218577, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 West Bluewater Hwy, Ionia, MI 48846</u>.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov